1  JEFFREY E. FAUCETTE (No. 193066)
   SKAGGS FAUCETTE LLP
2  One Embarcadero Center, Suite 500
   San Francisco, California 94111
3  Telephone:  (415) 315-1669
   Facsimile:   (415) 433-5994
   E-mail:  jeff@skaggsfaucette.com
4
   Attorneys for Plaintiff STELLA.AI, INC.
5

6

7                   UNITED STATES DISTRICT COURT

8                 NORTHERN DISTRICT OF CALIFORNIA

9

10

| | |
|---|---|
| 11  STELLA.AI, INC., a Delaware corporation, | Case No.: 3:17-cv-3130 |
| 12        Plaintiff, | **COMPLAINT FOR UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN** |
| 13  v. | |
| 14  STELLAR A.I., INC., a Delaware corporation, | **DEMAND FOR JURY TRIAL** |
| 15        Defendant. | |

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Plaintiff Stella.AI, Inc. ("Stella") by and for its complaint against Defendant Stellar A.I.,

2  Inc. ("Stellar") alleges as follows:

3                          INTRODUCTION

4    1.    Stella provides an innovative new website and service designed to match applicants

5  with jobs, to manage the application process, and to fast-track the selection process.  Stella's

6  website uses the domain name www.stella.ai, and Stella offers these services to employers and

7  jobseekers using the trademark STELLA and using the domain name www.stella.ai.

8    2.    Stella has used the STELLA mark in commerce continuously since at least

9  February 2016.

10    3.    As of Stella's first date of use of the STELLA mark, Stellar was operating under

11  the name "JobGenie" and described its business model as "creating a talent agency" for engineers

12  and other tech workers.

13    4.    Several months after Stella adopted the STELLA mark, JobGenie changed its name

14  to Stellar A.I. and adopted the mark STELLAR.AI.

15                          THE PARTIES

16    5.    Plaintiff Stella is a corporation organized under the laws of the state of Delaware

17  with its principal place of business at 156 W. 56th Street, Floor 4, New York, New York.

18    6.    Upon information and belief, Defendant Stellar is a corporation organized under the

19  laws of the state of Delaware with its principal place of business at 1520 Mariposa Avenue, Palo

20  Alto, California.

21                          NATURE OF THE CASE

22    7.    This is an action for unfair competition in violation of Section 43(a) of the Lanham

23  Act, 15 U.S.C. section 1125(a).

24                          JURISDICTION AND VENUE

25    8.    This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C.

26  section 1121 and 28 U.S.C. sections 1331 and 1338.  Venue is proper within this district under the

27  provisions of 28 U.S.C. sections 1391 and 1400.

28



9.      Personal jurisdiction over Stellar is proper in this District due to its headquarters within this District, and its systematic business activity within this District.

INTRA-DISTRICT ASSIGNMENT

10.      This action is an intellectual property action within the meaning of Local Rule 3-2(c) and therefore is not subject to intra-district venue provisions.

STELLA'S TRADEMARK RIGHTS

11.      Stella is the owner of the trademark STELLA for employment agency services and a website used in searching for and applying for jobs.  Stella has used the STELLA mark in commerce since February 2016.  The STELLA mark is inherently distinctive when used in connection with employment agency services and a website used in searching for and applying for jobs.

12.      Stella owns the domain name www.stella.ai and has operated a website at that domain continuously since March 2016.

13.      Stella is also the owner of United States federal trademark application serial number 87/011,513 for the STELLA mark for the following goods and services:  "employment agency services, namely, assisting employers in hiring, recruiting, placing and staffing employees via a website; providing a website for use in searching and applying for jobs, namely, providing a searchable database featuring employment opportunities; professional staffing and recruiting services," and "providing a website for use in searching and applying for jobs, namely, providing a website featuring technology that enables users to search and apply for jobs."  This application was filed on April 22, 2016, and it was published for opposition on April 18, 2017.

14.      Stella has marketed and promoted its employment agency services to large employers using the inherently distinctive STELLA mark.  Stella has conducted multiple pitch meetings with large employers who are interested in using Stella's employment agency services.  In these pitch meetings, Stella has used the STELLA mark to identify its services.  The STELLA mark has become uniquely associated with Stella and the employment agency services it offers.

15.      Additionally, Stella has operated a website at the domain name www.stella.ai.  The



COMPLAINT FOR UNFAIR COMPETITION:                    CASE NO. 3:17-cv-3130

1   STELLA mark appears on this website and is used to identify Stella as the source of the

2   www.stella.ai website and the employment agency services offered through the website.  The

3   STELLA mark has become uniquely associated with Stella and its website.

4                   DEFENDANT STELLAR'S INFRINGING ACTIVITIES

5          16.     Stellar currently operates a website at www.stellar.ai.  On that website, Stellar

6   purports to offer an "A.I. powered talent agency for top talent in tech."

7          17.     Stellar is the owner of United States federal trademark application serial number

8   87/314,970 for the mark STELLAR.AI for the following goods and services:  "software as a

9   service (SAAS) services featuring artificial intelligence software for use in connecting employers

10  with potential employees; talent agency services for the high tech industry; providing on-line

11  interactive employment counseling and recruitment services in the field of technology."

12         18.     Stellar's application was filed on January 26, 2017.  On April 28, 2017, the United

13  States Patent and Trademark Office ("USPTO") issued an office action citing Stella's pending

14  application as a potential bar to the registration of Stellar's application.

15         19.     On information and belief, Stellar originally changed its name from JobGenie and

16  adopted the name Stellar and the mark STELLAR.AI after learning of Stella's use of the mark

17  STELLA and after learning of Stella's use of the domain name www.stella.ai.

18         20.     A significant aspect of Stella's business model involves partnerships with large

19  employers who will issue millions of invitations to non-hired job applicants to join the STELLA-

20  branded talent network.  These customer-issued invitations will encourage people to join the

21  STELLA-branded network, which they can do by link or via the stella.ai website.  The value of the

22  STELLA-branded network depends in part on these non-hired applicants swelling the size of the

23  network.

24         21.     Stellar's STELLAR.AI mark is confusingly similar to Stella's STELLA mark.

25  Additionally, Stellar's stellar.ai domain name is confusingly similar to Stella's stella.ai domain

26  name.  Both companies are working to build and operate artificial intelligence (commonly

27  abbreviated as "A.I.") powered recruiting services.  Thus, there is a significant likelihood that an

28



SKAGGS
FAUCETTE LLP

COMPLAINT FOR UNFAIR COMPETITION:                    CASE NO. 3:17-cv-3130

1  appreciable number of potential candidates seeking the STELLA-branded network will be

2  confused by Stellar's STELLAR.AI mark and Stellar's stellar.ai domain name.  These candidates

3  will join Stellar's network despite an intention to join Stella's network.  Alternatively, they will be

4  confused as to whether the two networks come from the same source.

5       22.    This confusion will be compounded when one candidate refers friends and

6  colleagues in their own networks by telling them to check out "STELLA."  These candidates and

7  their referred friends could very easily wind up on Stellar's website by mistake and join Stellar's

8  network by mistake.  In such cases, their value will be lost to Stella and gained by Stellar thereby

9  undermining Stella's fundamental viral marketplace strategy and in effect allowing Stellar to steal

10  referrals meant for Stella from its customers and partners.  This could potentially destroy Stella's

11  business at an early stage.

12                        FIRST CLAIM FOR RELIEF

13                  (Unfair Competition and False Designation of Origin)

14                          (15 U.S.C. §1125(a))

15       23.    The allegations of paragraphs 1 through 22 are incorporated herein by reference.

16       24.    As stated above, Stella, prior to the acts of Stellar herein complained of, has

17  marketed its services under the STELLA mark.  The inherently distinctive STELLA mark has

18  become uniquely associated with Stella and the services it offers.

19       25.    On information and belief, Stellar has copied Stella's STELLA mark.  Stellar's

20  STELLAR.AI mark is confusingly similar to Stella's STELLA mark.  As a result, Stellar's

21  marketing of its services under the STELLAR.AI mark is likely to deceive and cause confusion to

22  the purchasing public and to induce them to believe that Stellar or their goods or services are in

23  some manner related to, approved by or sponsored by Stella; alternatively, Stellar's marketing and

24  sale its services under the STELLAR.AI mark is likely to deceive and cause confusion to the

25  purchasing public and to induce them to believe that Stella's goods or services are in some manner

26  related to, approved by or sponsored by Stellar.  Stellar has intentionally engaged in conduct that

27  constitutes a false designation of origin, a false or misleading description of fact, and a false or

28

SKAGGS
FAUCETTE LLP

COMPLAINT FOR UNFAIR COMPETITION:          CASE NO. 3:17-cv-3130

misleading representation of fact tending wrongfully and falsely to describe or represent a connection or affiliation between Stella's services and Stellar's services in violation of 15 U.S.C. section 1125(a).  Stella believes that customers are likely to be confused by Stellar's use of such false designations of origin, and false descriptions or representations regarding Stella's services and Stellar's services.

26.     By committing the acts alleged herein, Stellar has intentionally, knowingly and willfully infringed the Stella's mark, and Stellar continues to do so.

27.     Stella has been, and will continue to be damaged by such false description, false representation, and false designation of origin in a manner and amount that cannot be fully measured or compensated in economic terms.  Stellar's actions have damaged, and will continue to damage Stella's rights, reputation, goodwill, and may discourage current and potential customers and partners from dealing with Stella.  Such irreparable harm will continue unless Stellar's acts are restrained and/or enjoined during the pendency of this action and thereafter. Stella will continue to suffer irreparable harm unless Stellar is preliminarily and permanently restrained from infringing the STELLA mark.

28.     Stella has been damaged by Stellar's actions in an amount to be proven at trial.

29.     Stella is entitled to recover all profits heretofore realized by Stellar during its infringement of the STELLA mark, as well as Stella's costs in this action pursuant to 15 U.S.C. section 1117.

30.     Stellar's actions have been willful, malicious and fraudulent with knowledge of the likelihood of confusion and deception and with intent to confuse and deceive, as alleged above. Therefore, Stella is entitled to recover three times the amount of Stellar's profits plus Stella's reasonable attorneys' fees pursuant to 15 U.S.C. section 1117.

### PRAYER FOR RELIEF

WHEREFORE, Stella prays for prays that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

1         1.     That Stellar be adjudged to have competed unfairly with Stella by its infringing use

2    of the STELLA mark, in violation of federal law;

3         2.     That Stellar and its officers, agents, owners, employees, confederates, attorneys and

4    any persons in active concert or participation with them be temporarily, preliminarily and

5    permanently enjoined and restrained from:

6         a)     Using the STELLA mark, or any other confusingly similar mark including,

7    without limitation, STELLAR.AI, and/or any reproduction, copy or colorable imitation of

8    the STELLA mark, in connection with the advertising, manufacturing, offering for sale,

9    distribution or sale of clothing or any other goods or services that are not authorized by

10   Stella;

11        b)     Using the STELLA mark or any other confusingly similar mark including,

12   without limitation, STELLAR.AI, and/or any other mark including any reproduction, copy

13   or colorable imitation of the STELLA mark on clothing in any manner likely to cause

14   others to believe that any of Stellar's goods or services are made by, distributed by,

15   associated or connected with Stella's goods or services;

16        c)     Committing any other acts calculated to cause actual or potential purchasers

17   to be confused regarding the source or sponsor of Stellar's and/or Stella's goods and/or

18   services;

19        d)     Using the www.stellar.ai domain name and any confusingly similar domain

20   names, and registering or applying for any domain names that contain Stella's STELLA

21   mark; and

22        e)     Assisting, aiding or abetting any supplier, distributor or any other person or

23   business entity in engaging in or performing any of the activities referred to in the above

24   subparagraphs a through d;

25        3.     For an order transferring the www.stellar.ai domain name to Stella (to give

26   practical effect to this order, a further order requiring the Registrar for the foregoing domain name

27   to, within fourteen (14) days sof receipt of the order, transfer the domain name to Stella if Stellar

28

SKAGGS
FAUCETTE LLP

COMPLAINT FOR UNFAIR COMPETITION:     CASE NO. 3:17-cv-3130

1  has not already done so);

2      4.      For an accounting of all of Stellar's profits attributable to the infringement,

3  including both direct profits and indirect profits;

4      5.      For an award to Stella of its actual damages;

5      6.      For an award of all profits heretofore realized by Stellar during its use of the

6  infringing marks pursuant to 15 U.S.C. section 1117;

7      7.      For an award of three times the amount of Stellar's profits and Stella's reasonable

8  attorneys' fees pursuant to 15 U.S.C. section 1117;

9      8.      For an award of compensatory damages;

10     9.      For an award of punitive damages;

11     10.     For an award of costs; and

12     11.     For all other relief the Court deems just and proper.

13

14  Dated: May 31, 2017                    SKAGGS FAUCETTE LLP

15                                         By:  _____/s/_____

                                                Jeffrey E. Faucette
16                                         Attorneys for Plaintiff STELLA.AI, INC.

17

18

19

20

21

22

23

24

25

26

27

28



COMPLAINT FOR UNFAIR COMPETITION:                    CASE NO. 3:17-cv-3130

1

<u>JURY TRIAL DEMANDED</u>

2      Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, Plaintiff demands trial by

3   jury of all issues properly triable of right by a jury.

4

5   Dated: May 31, 2017                SKAGGS FAUCETTE LLP

6                                      By:  _____/s/_____

7                                              Jeffrey E. Faucette
                                       Attorneys for Plaintiff STELLA.AI, INC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SKAGGS FAUCETTE** LLP

COMPLAINT FOR UNFAIR COMPETITION:                    CASE NO. 3:17-cv-3130